# Court of Appeals
# of the State of Georgia

ATLANTA,  February 23, 2022

*The Court of Appeals hereby passes the following order:*

**A22D0229.   TIMOTHY LITTLEJOHN v. GEORGIA DEPARTMENT OF DRIVER SERVICES et al.**
**A22D0230.  TIMOTHY LITTLEJOHN v. U.S. MAGISTRATE COURT FOR THE 11TH CIRCUIT NORTHERN DISTRICT OF GEORGIA et al.**
**A22D0231, A22D0232, A22D0233.  TIMOTHY LITTLEJOHN v. UNITED STATES COURT OF APPEALS FOR THE 11TH CIRCUIT et al. (THREE CASES).**
**A22D0234.  TIMOTHY LITTLEJOHN v. UNITED STATES DISTRICT COURT FOR THE 11TH CIRCUIT GEORGIA et al.**

Inmate and frequent filer Timothy Littlejohn filed these six discretionary applications seeking review of the trial court's orders denying filing in various civil suits against numerous parties, including the Georgia Department of Driver Services and various courts and judges. All six orders were signed on November 3, 2021, and Littlejohn filed his discretionary applications in the Georgia Supreme Court 35 days later on December 8, 2021.[1] Although the applications include copies of the orders sought to be appealed, they do not contain stamped "filed" copies of the orders as required by Court of Appeals Rule 31 (c). Without the stamped copies, we are unable to ascertain whether the filings were timely. See OCGA § 5-6-34 (d) (applications must be filed within 30 days of entry of the order to be appealed).

On February 3, 2022, this Court ordered Littlejohn to supplement his applications with stamped "filed" copies of the orders sought to be appealed within

---

[1] Because the jurisdiction of that Court was not invoked, the applications were transferred here. See Case Nos. S22D0479, S22D0480, S22D0481, S22D0482, S22D0483, S22D0484 (Jan. 6, 2022).

10 days or the applications would be dismissed. Littlejohn attempted to comply with our order. On February 14, 2022, Littlejohn filed copies of the orders, which were notarized on February 9, 2022, and he points to the notary stamps. But the stamp we require is the stamp "filed" from the trial court clerk showing when the order was filed below, which allows this Court to ascertain that the application was filed within 30 days after entry of the appealable order.

We recognize that an inmate may have difficulty in obtaining a stamped "filed" copy of an order. Although we are sympathetic to Littlejohn's plight, the fact remains that a timely application is a jurisdictional prerequisite. See *Hill v. State*, 204 Ga. App. 582, 582 (420 SE2d 393) (1992). "Questions pertaining to an appellate court's jurisdiction cannot be sidestepped or pretermitted, as they go to the threshold question of whether the appellate court has the authority to decide the merits of the case." *Duke v. State*, 306 Ga. 171, 181 (3) (b) (829 SE2d 348) (2019). Where, as here, we have no stamped "filed" copies of the orders, we are unable to assume jurisdiction, and these applications are hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__02/23/2022_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.